**COMP**
REBECCA A. FULLER, ESQ.
Nevada Bar No. 9809
Fuller Law Practice, PC
500 N Rainbow Blvd., Suite 300
Las Vegas, Nevada 89107
PH (702) 553-3266
FX (702) 553-3267
info@fullerlawpractice.com
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MICHAEL BONDI,  )
                )
       Plaintiff,  )
                )
v.              )   Case No.:
                )
NATIONSTAR MORTGAGE HOLDINGS,  )
INC., a Delaware corporation; BANK OF  )
AMERICA CORPORATION, a Delaware  )  **COMPLAINT**
corporation; DOES I-X, inclusive; and ROE  )
CORPORATIONS I-X, inclusive,  )
                )
       Defendants.  )
                )

COMES NOW, MICHAEL BONDI, by and through his attorney, Rebecca A. Fuller, Esq., of Fuller Law Practice, PC, as and for his Complaint against Defendants, NATIONSTAR MORTGAGE HOLDINGS, INC., and BANK OF AMERICA CORPORATION, and alleges as follows:

**JURISDICTION AND VENUE**

1.  Plaintiff, MICHAEL BONDI (hereinafter referred to as "Bondi"), is, and at all times relevant hereto was, an individual domiciled and residing in Nevada.

2.  Defendant, NATIONSTAR MORTGAGE HOLDINGS, INC. (hereinafter referred to as "Nationstar"), is a Delaware corporation with its principal place of business in Texas, but conducts business in all 50 states.

/ / /

/ / /

1

1      3.      Defendant, BANK OF AMERICA CORPORATION (hereinafter referred to as "Bank of America"), is a Delaware corporation with its principal place of business in North Carolina, but conducts business in all 50 states.

4.      Defendants designated as DOES I through X and ROE CORPORATIONS I through X are unknown to Plaintiff, who therefore sues these Defendants by their fictitious names.

5.      This is an action for damages in excess of $75,000.00, exclusive of interest, costs, and attorney's fees.

6.      This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), as there is complete diversity of citizenship between Plaintiff, a Nevada resident, Nationstar, a resident of Texas, where it holds its principal place of business, and Bank of America, a resident of North Carolina, where it holds its principal place of business. The Court further has jurisdiction pursuant to 15 U.S.C. § 1681p and 15 U.S.C. § 1692k(d).

7.      Venue is proper in this Court because the underlying causes of action arise from conduct occurring in Las Vegas, Nevada, which is located within this District.

8.      Plaintiff's Federal and State Law claims against the Defendant derive from a common focus of operative fact and are of such character that Plaintiff would ordinarily be expected to try them in one judicial proceeding. Consequently, this Court has pendent jurisdiction over Plaintiff's State law claims against the Defendants.

9.      This is an action brought by a consumer for violations of the above named Acts in connection with a purported debt appearing on Plaintiff's consumer reports, the Defendant's collection tactics in attempting to collect it, and the Defendant's willful refusal to remove or correct inaccuracies regarding it, despite written correspondence specifying the inaccuracies and providing information that would facilitate a reasonable reinvestigation of the matter. Thus, the Plaintiff seeks damages and, to the extent possible, injunctive and declaratory relief.

/ / /

/ / /

/ / /

## FACTUAL ALLEGATIONS

10. On or about June 4, 2009, a property located at 9332 Golden Grape Court, Las Vegas, Nevada 89148, owned by Bondi and secured by first and second mortgage loans from Countrywide, which later became Bank of America, was foreclosed upon.

11. At the time of the foreclosure, Bondi owed approximately $314,064.46 on the mortgages and the property sold for approximately $160,565.00, leaving a deficiency of approximately $153,499.46.

12. Subsequent to the foreclosure sale, Bank of America agreed not to seek collection of the deficiency from Bondi, but inaccurately reported the account to the consumer reporting agencies[1] as an "open foreclosure" and reported that Bondi was 180 days late on payments.

13. In approximately April of 2010, Bondi confirmed with Bank of America that his credit report would be updated to reflect a balance of zero dollars and that the foreclosure would be reported as a closed account. Accordingly, Bondi's credit report was updated to reflect that there was no balance due on these accounts.

14. Subsequently, in approximately February of 2011, Bondi checked his consumer credit report and noticed that both Bank of America mortgage loans had outstanding balances reported, despite previously being updated.

15. Bondi contacted Bank of America and disputed the reports with all three consumer reporting agencies. Bank of America confirmed that the balances on each account, respectively should be zero dollars and updated Bondi's credit report as of November 2011 to reflect zero dollar balances.

16. On approximately June 24, 2013, Bondi received a letter from Bank of America stating that the second mortgage account (the "Account") was being sold and transferred to Nationstar and that Bondi owed approximately $69,000 to Nationstar.

///

///

---

[1] The consumer reporting agencies refer to Experian, Equifax, and TransUnion.

17.     Bondi contacted Nationstar in approximately July of 2013 and explained that he did not owe a balance on the Account because Bank of America had closed the Account and stated that he did not have an outstanding balance.

18.     On or about September 6, 2013, Nationstar sent Bondi a letter stating that the status of the Account was updated to "closed" and that Nationstar had not at that time, and would not in the future, report on this Account to any consumer reporting agency.

19.     On or about December 30, 2013, Bondi received a letter from Veripro Solutions on behalf of Nationstar, again attempting to collect a debt on the Account. Bondi responded by mail with a copy of Nationstar's September 6, 2013, letter stating that the account was closed.

20.     On or about January 13, 2014, Bondi received a second letter from Veripro Solutions on behalf of Nationstar, verifying that the Account is closed and reflects a zero balance and that no further action would be taken on the Account, including reporting to the consumer reporting agencies.

21.     Additionally, on or about January 15, 2014, Bondi received a letter from Nationstar confirming again that the Account has a zero balance and is closed and that no further collection activity would occur on the Account, including reporting to the consumer reporting agencies.

22.     Subsequently, in or about April of 2014, Nationstar then reported to all three consumer reporting agencies that the Account was a charge off with a balance owed of approximately $69,371.

23.     This negative reporting caused a drastic reduction in Bondi's credit rating, decreasing his credit score from approximately 762 to approximately 675 and was labeled on his credit report as a "Major Derogatory" item.

24.     Additionally, as a result of the decrease in Bondi's credit score, his credit limit on his American Express credit card was drastically reduced and he was declined for a mortgage loan through All Western Mortgage, despite previously qualifying for a loan.

25.     Accordingly, Bondi has been damaged in excess of $75,000.00 as a direct and proximate result of Nationstar's actions.

4

26. Further, Bondi has been forced to seek the assistance of an attorney to remedy this situation and protect his interests and seeks reimbursement of his attorney's fees and costs therefore.

**FIRST CAUSE OF ACTION:**

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA")**

27. Plaintiff realleges the allegations in paragraphs 1 through 28 as if fully set forth herein.

28. Nationstar and Bank of America (collectively, the "Defendants") are debt collectors, as defined by 15 U.S.C. § 1692a(6).

29. Defendants violated 15 U.S.C. § 1692e(2) by representing that a debt was owed by Plaintiff after confirming that Plaintiff had a zero balance.

30. Defendants violated 15 U.S.C. § 1692e(8) by communicating to the consumer reporting agencies that Plaintiff still owed a balance on the mortgage accounts.

31. Defendants actions further violated 15 U.S.C. § 1692e(10) by using false representations as to the balance owed on the mortgage accounts to attempt to collect a debt from Plaintiff.

32. Defendant Bank of America further violated 15 U.S.C. § 1692e(7) by implying that Bondi made fraudulent representations on his original loan application.

33. The foregoing violations of the FDCPA are among the Defendants' standard procedures and practices towards consumers such as the Plaintiff, for which the Defendants are motivated by enhanced profits.

34. As a result of Defendants' actions, Plaintiff has actual damages in an amount in excess of one million dollars. Additionally, pursuant to 15 U.S.C. § 1692k(a)(2)(A), Plaintiff seeks additional damages in the amount of $1,000 per Defendant.

35. It has been necessary for Plaintiff to retain the services of an attorney to protect his rights in this matter. Pursuant to 15 U.S.C. § 1692k(a)(3), Plaintiff is entitled to an award of attorney's fees and costs.

///

**SECOND CAUSE OF ACTION:**

**VIOLATION OF THE FAIR CREDIT REPORTING ACT ("FCRA")**

36. Plaintiff realleges the allegations in paragraphs 1 through 35 as if fully set forth herein.

37. Defendants regularly and in the course of business, furnish information to one or more consumer reporting agencies about their transactions or experiences with any consumer.

38. Defendants did not notify Plaintiff at any time that the dispute was considered frivolous or irrelevant, or that Plaintiff had failed to provide sufficient information to investigate the disputed information.

39. Defendants failed to review all relevant information provided by the consumer reporting agencies, pursuant to 15 U.S.C. § 1681i (a)(2), and as required by 15 U.S.C. § 1681s-2(b)(1)(B).

40. Defendants failed to adequately conduct an investigation with respect to the disputed information, as required by 15 U.S.C. § 1681s-2(b)(1) after Plaintiff's notice of dispute was received at the offices of Defendants.

41. Defendants failed to report the results of the investigation findings to the consumer reporting agencies that the information provided by such person was incomplete or inaccurate, as required by 15 U.S.C. § 1681s-2(b)(1)(D).

42. Defendants failed to report the results of the investigation to the consumer reporting agencies, as required 15 U.S.C. § 1681s-2(b)(1)(C).

43. In fact, Defendants verified and reported the information accurately as a zero balance for many months before suddenly reporting in or about July of 2014 that the Account now had a balance of approximately $70,000.

44. Defendants, in response to the notices of reinvestigation from the consumer reporting agencies, verified that the disputed information was accurate and complete on different occasions, even though they were in possession of information which showed that the tradelines were inaccurate, and even though the tradelines did not contain the notice of dispute, as required by 15 U.S.C. § 1681s-2(a)(3). The fact that this was done in response to multiple reinvestigation

requests from multiple consumer reporting agencies and Plaintiff is evidence of willful noncompliance on the part of Defendants.

45. As a result of Defendants' actions, Plaintiff has actual damages in an amount in excess of one million dollars. Additionally, pursuant to 15 U.S.C. § 1681n(2), Plaintiff seeks additional punitive damages against each Defendant for their respective willful noncompliance with the requirements of the FCRA.

46. Further, Plaintiff seeks damages in excess of one million dollars pursuant to 15 U.S.C. § 1681o for negligent noncompliance by each respective Defendant.

47. It has been necessary for Plaintiff to retain the services of an attorney to protect his rights in this matter. Pursuant to 15 U.S.C. § 1681n and o, Plaintiff is entitled to an award of attorney's fees and costs.

## THIRD CAUSE OF ACTION:
## VIOLATION OF NRS 649.370

48. Plaintiff realleges the allegations in paragraphs 1 through 47 as if fully set forth herein.

49. Pursuant to NRS 649.370, any violation of the FDCPA also constitutes a violation of NRS Chapter 649.

50. As a result of Defendant's actions, Plaintiff has been damaged in an amount in excess of one million dollars.

51. It has been necessary for Plaintiff to retain the services of an attorney to protect his rights in this matter. Therefore, Plaintiff is entitled to an award of attorney's fees and costs.

## FOURTH CAUSE OF ACTION:
## FRAUD

52. Plaintiff realleges the allegations in paragraphs 1 through 51 as if fully set forth herein.

53. Defendants provided false information to the consumer reporting agencies in or about April of 2014 regarding the status of Plaintiff's accounts, specifically stating that a balance was owed after verifying on multiple occasions that Plaintiff had a zero balance stating that the

7

accounts were open and/or had late payments, and reporting the accounts as "charged off." These were false statements of material fact because Plaintiff did not, and does not, in fact owe a debt to either Defendant, respectively.

54. Defendants knew the statements were false when made.

55. Defendants made these false statements with the intention of inducing the consumer reporting agencies to rely and act upon such statements.

56. The consumer reporting agencies were forced to rely and act upon the statements because the information was furnished from the creditors, Defendants.

57. Plaintiff suffered damages as a result of Defendants' false statements because his credit rating declined dramatically as a result of the negative information being reported to the consumer reporting agencies. This decline in credit rating caused a reduction in Plaintiff's credit card limits, the loss of a home mortgage loan, and the loss of an automobile loan.

58. As a result of Defendants' actions, Plaintiff has been damaged in an amount in excess of one million dollars.

59. It has been necessary for Plaintiff to retain the services of an attorney to protect his rights in this matter. Therefore, Plaintiff is entitled to an award of attorney's fees and costs.

## FIFTH CAUSE OF ACTION:

## NEGLIGENCE

60. Plaintiff realleges the allegations in paragraphs 1 through 59 as if fully set forth herein.

61. As creditors, Defendants had duties to Plaintiff to furnish accurate information to the consumer reporting agencies regarding Plaintiff's accounts.

62. Defendants breached his duty to Plaintiff by, without limitation, failing to verify the accuracy of information reported to the consumer reporting agencies, failing to report the true balance of Plaintiff's accounts to the consumer reporting agencies, and by otherwise taking actions, or omitting to take actions that caused Plaintiff's consumer credit reports to be inaccurate or incomplete.

///

63. Defendants' negligent breaches of their respective duties to Plaintiff have directly and proximately caused Plaintiff damages.

64. As a result of Defendants' actions, Plaintiff has been damaged in an amount in excess of one million dollars. Plaintiff is additionally entitled to punitive damages due to Defendants' fraudulent actions.

65. It has been necessary for Plaintiff to retain the services of an attorney to protect his rights in this matter. Therefore, Plaintiff is entitled to an award of attorney's fees and costs.

## SIXTH CAUSE OF ACTION

## MISREPRESENTATION

66. Plaintiff realleges the allegations in paragraphs 1 through 65 as if fully set forth herein.

67. Defendants provided false information to the consumer reporting agencies in or about April of 2014 regarding the status of Plaintiff's accounts, specifically stating that a balance was owed after verifying on multiple occasions that Plaintiff had a zero balance stating that the accounts were open and/or had late payments, and reporting the accounts as "charged off." These were false statements of material fact because Plaintiff did not, and does not, in fact owe a debt to either Defendant, respectively.

68. Defendants either knew, or should have known, that their statements were false when made, or they made the false statements without knowledge of their truth or falsity.

69. Defendants made these false statements with the intention of inducing the consumer reporting agencies to rely and act upon such statements and the consumer reporting agencies were forced to rely and act upon Defendants' false statements.

70. Plaintiff suffered damages as a result of Defendants' false statements because his credit rating declined dramatically as a result of the negative information being reported to the consumer reporting agencies. This decline in credit rating caused a reduction in Plaintiff's credit card limits, the loss of a home mortgage loan, and the loss of an automobile loan.

71. As a result of Defendants' actions, Plaintiff has been damaged in an amount in excess of one million dollars.

72. It has been necessary for Plaintiff to retain the services of an attorney to protect his rights in this matter. Therefore, Plaintiff is entitled to an award of attorney's fees and costs.

## SEVENTH CAUSE OF ACTION

## CIVIL CONSPIRACY

73. Plaintiff realleges the allegations in paragraphs 1 through 72 as if fully set forth herein.

74. Defendants engaged in a successful conspiracy to commit unlawful acts against Plaintiff and at his expense that include, but are not limited to, the following:

    a. Intentionally and unreasonably providing false and inaccurate information to the consumer reporting agencies; and

    b. Defrauding Plaintiff by repeatedly and falsely telling Plaintiff and the consumer reporting agencies that a balance is owed on the accounts, even after providing verification multiple times that the account had a zero balance.

75. Defendants engaged in multiple overt acts in pursuance of such conspiracy including, but not limited to:

    a. Bank of America selling and/or transferring an account with a zero balance to Nationstar for collection from Plaintiff;

    b. Attempting to collect a debt from Plaintiff that was already settled through insurance proceeds; and/or

    c. Providing false information to the consumer reporting agencies in order to harass, defame, and otherwise abuse Plaintiff.

76. Plaintiff has suffered tremendous damages as a result of the overt acts performed by Defendants in pursuance of the successful conspiracy to unreasonably provide false information to the consumer reporting agencies and to affect Plaintiff's consumer credit ratings.

77. As a result of Defendants' actions, Plaintiff has been damaged in an amount in excess of one million dollars.

///

78. It has been necessary for Plaintiff to retain the services of an attorney to protect his rights in this matter. Therefore, Plaintiff is entitled to an award of attorney's fees and costs.

### JURY DEMAND

79. Plaintiff hereby demands a trial by jury pursuant to FRCP Rule 38.

**WHEREFORE,** Plaintiff, MICHAEL BONDI, prays for judgment against Defendant as follows:

1. For preliminary and permanent injunctive relief, enjoining all of the named Defendants and other conspirators from engaging in further violations of the Fair Credit Reporting Act and the Fair Debt collection Practices Act and from selling, transferring, reporting, or otherwise assigning the above named account to any other collection agency, debt collector, reseller or Credit Reporting Agency;

2. For statutory damages pursuant to 15 U.S.C. §1681 and 1692 in an amount in excess of one million dollars;

3. For an award of punitive damages in an amount in excess of one million dollars;

4. For an award of pre- and post-judgment interest;

5. For an award of reasonable attorney's fees and costs incurred herein; and

6. For such other relief as the Court deems just and equitable.

Dated this 22nd day of July, 2014.

FULLER LAW PRACTICE, PC

*Rebecca A. Fuller*
Rebecca A. Fuller, Esq.
Nevada Bar No. 9809
500 N. Rainbow Blvd., Suite 300
Las Vegas, Nevada 89107
PH (702) 553-3266  FX (702) 553-3267
Attorneys for Plaintiff