ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
ALLISON R. SCHMIDT, ESQ.
Nevada Bar No. 10743
AKERMAN LLP
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144
Telephone: (702) 634-5000
Facsimile: (702) 380-8572
Email: ariel.stern@akerman.com
Email: allison.schmidt@akerman.com

*Attorneys for Defendants Nationstar Mortgage*
*Holdings, Inc. and Bank of America Corporation*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL BONDI,<br><br>                    Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE HOLDINGS, INC., a Delaware Corporation; BANK OF AMERICA CORPORATION, a Delaware corporation; DOES I-X , inclusive, and ROE CORPORATIONS I-X, inclusive,<br><br>                    Defendants. | Case No. 2:14-cv-001215-LDG-GWF<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS** |

Plaintiff Michael Bondi's (**Plaintiff**) opposition does nothing to refute the arguments made in Defendant Nationstar Mortgage Holdings, Inc. (**NMH**) and Bank of America Corporation 's (**BAC**), (collectively, **Defendants**) motion to dismiss. Plaintiff's opposition improperly raises new factual allegations for the first time in an attempt to save his FCRA and FDCPA claims and fails to respond to Defendants' argument that the FCRA preempts his claims for fraud and misrepresentation. Further, Plaintiff concedes that he has not stated a claim under NRS 649.370 or a negligence claim. The Court should grant Defendants' motion to dismiss and dismiss Plaintiff's Complaint with prejudice.

{29841007;1}

I. **P**LAINTIFF'S **FDCPA** AND **FCRA** C**LAIMS** F**AIL** B**ECAUSE** P**LAINTIFF** M**AY** N**OT** R**AISE** N**EW** F**ACTUAL** A**LLEGATIONS** IN R**ESPONSE** TO A M**OTION** TO D**ISMISS.**

Plaintiff argues that he has stated a claim for violation of the FDCPA because Defendants became the servicers of the subject loans after those loans were in default. (Doc. 11 at 6.) Plaintiff's Complaint, however, does not allege that the loans were in default when Defendants took over servicing of the loans. (*See* Doc. 1 ¶¶ 27-35.) Similarly, Plaintiff urges the Court to imply from the allegations in the Complaint that the consumer reporting agencies notified Defendants of a dispute over the credit reporting on the subject loans. (Doc. 11 at 7.) The Complaint, however, never alleges that consumer reporting agencies notified Defendants of any such dispute. (*See* Doc. 1 ¶¶ 36-47.)

"When considering a motion to dismiss, a court may reference only those facts alleged within the complaint itself" and should not consider new allegations raised for the first time in opposition to a motion to dismiss. *In re AgriBio Tech Sec. Litig*., CV-S-99-144-PMP(LRL), 2000 WL 1277603, at *6 n.3 (D. Nev. Mar. 2, 2000). Plaintiff's complaint does not allege that the subject loans were in default at the time Defendants took over servicing or that the consumer reporting agencies notified Defendants of any credit reporting dispute. The Court may not consider these new allegations in ruling on Defendants' motion to dismiss, and Plaintiff's FCRA and FDCPA claims cannot survive without them. Further, even if the Court were to consider these allegations, Plaintiff's FDCPA claim would still not survive because the Complaint does not plead facts establishing that Defendants are debt collectors. *See Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1208-09 (9th Cir. 2013) (affirming dismissal of claims against loan servicer because allegations in complaint did not establish that "principal purpose" of business was debt collection). Accordingly, the Court should dismiss these claims.

II. **P**LAINTIFF'S F**RAUD** AND M**ISREPRESENTATION** C**LAIMS** F**AIL** B**ECAUSE** P**LAINTIFF** F**AILS** TO R**ESPOND** TO D**EFENDANTS**' A**RGUMENT** THAT THE **FCRA** P**REEMPTS** T**HESE** C**LAIMS.**

Local Rule 7-2(d) provides that "the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." LR 7-2(d). Plaintiff fails to respond to Defendants' argument that the FCRA preempts his claims for fraud and misrepresentation. (*See* Doc. 11 at 8-9.) Accordingly, the Court should dismiss Plaintiff's fraud and

{29841007;1}2

misrepresentation claims. *See Florio v. Vista Pac. Holdings*, 2:11-CV-01991-MMD, 2012 WL 3023265, *4-7 (D. Nev. July 24, 2012) (dismissing various claims because plaintiff "fails to respond specifically to the Defendants' arguments regarding these claims" in violation of this Court's local rules); *Wrzesinski v. Wells Fargo Bank, N.A.*, 2:10-CV-02085-GMN, 2011 WL 2413843, *1 (D. Nev. June 10, 2011) (granting motion to dismiss "because Plaintiffs have failed to respond properly to [Defendant's] motion.").

## CONCLUSION

For the reasons stated above, Defendants request that this Court dismiss each of Plaintiff's claims and the Complaint with prejudice.

DATED this 3rd day of November 2014.

AKERMAN LLP

_/s/ _Allison R. Schmidt_____
ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
ALLISON R. SCHMIDT, ESQ.
Nevada Bar No. 10743
Nevada Bar No. 12488
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144

*Attorneys for Defendants Nationstar Mortgage Holdings, Inc. and Bank of America Corporation*

{29841007;1}3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 3rd, 2014 and pursuant to Fed. R. Civ. P. 5, I service via CM/ECF a true and correct copy of the foregoing **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS** Error! No text of specified style in document. to:

Rebecca Fuller, Esq.
500 N. Rainbow Blvd., Suite 300
Las Vegas, NV 89107
*Attorney for Plaintiff*

/s/ Lucille Chiusano
An employee of AKERMAN LLP

{29841007;1} 4